*Exempt per Government Code § 6103*

Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Kathryn J. Harvey [Bar No. 241029]
*kharvey@wzllp.com*
James M. Lloyd [Bar No. 243997]
*jlloyd@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant COUNTY OF SAN BERNARDINO

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., a minor, by and through his guardian ad litem, Monique Padilla, individually and as successor-in-interest to Anthony Bray,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, and DOES 1-10,<br><br>Defendant(s). | Case No. 5:26-cv-03826-KK-ACCV<br><br>**DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Trial Date: None Set |

COMES NOW, Defendant COUNTY OF SAN BERNARDINO ("Defendant"), and hereby answers the Complaint ("Complaint") filed by the Plaintiff A.B., a minor, by and through his guardian ad litem, Monique Padilla, individually and as successor-in-interest to Anthony Bray ("Plaintiff") in the above-entitled action as follows:

## INTRODUCTION

1. In answering paragraph 1, Defendant admits that there was an incident on January 1, 2026. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

2. In answering paragraph 2, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

3. In answering paragraph 3, Defendant admits that Plaintiff are ostensibly bringing this action pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and California State Law.

## JURISDICTION AND VENUE

4. In answering paragraphs 4, 5, 6 and 7 Defendant admits that Plaintiff are ostensibly invoking jurisdiction of this district court under 28 U.S.C. § 1331 and § 1343(a)(3)-(4) and 28 U.S.C. § 1367, and venue in the Central District of California. Except as so admitted, this answering Defendant lacks information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained therein.

5. In answering paragraph 7, Defendant admits that Plaintiff served a claim for damages with the COUNTY. Except as expressly admitted, this answering Defendant lacks information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every remaining allegations contained therein.

## PARTIES

6. In answering paragraphs 8, 9, 10, this answering Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

7. In answering paragraph 11, Defendant admits that Plaintiff are ostensibly invoking jurisdiction under California Code of Civil Procedure §§ 377.30 and 377.60. Except as so admitted, this answering Defendant lacks information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

generally and specifically each and every allegation contained therein

8. In answering paragraph 12, Defendant admits that COUNTY OF SAN BERNARDINO operates the San Bernardino County Sheriff's Department. Except as expressly admitted, Defendant denies any remaining allegations contained in this paragraph.

9. In answering paragraphs 13, 14, 15, 16, 18, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

10. In answering paragraph 17, Defendant denies these allegations.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. In answering paragraph 19, Defendant admits that a San Bernardino County Sheriff Deputy responded to a call at the 17900 block of Highway 18 in Apple Valley, California, County of San Bernardino. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

12. In answering paragraphs 20, 21, 22, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

13. In answering paragraph 23, Defendant denies these allegations, except where Defendant lacks sufficient information or knowledge to admit or deny these allegations and on that basis alone denies these allegations.

14. In answering paragraph 24, 25, 26, Defendant denies these allegations, except where Defendant lacks sufficient information or knowledge to admit or deny these allegations and on that basis alone denies these allegations.

///

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

15. In answering paragraphs 25 and 26, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in these paragraphs.

**FIRST CLAIM FOR RELIEF**

16. In answering paragraph 27, Defendant repeats each and every response to paragraphs 1 through 26 of Plaintiff' complaint as if set forth fully herein.

17. In answering paragraph 28, Defendant admits that Plaintiff are ostensibly invoking jurisdiction under California Code of Civil Procedure §§ 377.30. Except as so admitted, this answering Defendant lacks information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained therein

18. In answering paragraph 29, 30, 31, 32, 34, Defendant denies these allegations, except where Defendant lacks sufficient information or knowledge to admit or deny these allegations and on that basis alone denies generally and specifically each and every allegation contained in this paragraph

19. In answering paragraph 33, 35, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

20. In answering paragraph 36, Defendant admits that Plaintiff are ostensibly invoking jurisdiction under California Code of Civil Procedure § 1988. Except as so admitted, this answering Defendant lacks information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained therein.

///

///

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**SECOND CLAIM FOR RELIEF**

21. In answering paragraph 37, Defendant repeats each and every response to paragraphs 1 through 36 of Plaintiff' complaint as if set forth fully herein.

22. In answering paragraph 38, Defendant admits that Plaintiff are ostensibly invoking jurisdiction under California Code of Civil Procedure § 377.30. Except as so admitted, this answering Defendant lacks information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained therein

23. In answering paragraph 39, Defendant admits that the Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force during a seizure. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

24. In answering paragraph 40, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

25. In answering paragraph 41, Defendant makes no answer since paragraph 41 of the complaint is blank.

26. In answering paragraph 42, 43, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

27. In answering paragraph 44, 45, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

///

///

28. In answering paragraph 46, Defendant admits that Plaintiff seek attorney's fees and costs, but denies that such attorney's fees and costs are recoverable.

29. In answering paragraph 47, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph

**THIRD CLAIM FOR RELIEF**

30. In answering paragraph 48, Defendant repeats each and every response to paragraphs 1 through 53 of Plaintiff' complaint as if set forth fully herein.

31. In answering paragraph 49, In answering paragraph 38, Defendant admits that Plaintiff are ostensibly invoking jurisdiction under California Code of Civil Procedure § 377.30. Except as so admitted, this answering Defendant lacks information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained therein

32. In answering paragraph 50, 51, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

33. In answering paragraph 52, Defendant admits that the Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force during a seizure. Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

///

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

34. In answering paragraph 53, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

35. In answering paragraph 54, Defendant admits that Plaintiff seek damages and attorney's fees in connection with this claim, but denies that such attorney's fees and costs are recoverable.

**FOURTH CLAIM FOR RELIEF**

36. In answering paragraph 55, Defendant repeats each and every response to paragraphs 1 through 54 of Plaintiff' complaint as if set forth fully herein.

37. In answering paragraphs 56, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in these paragraphs.

38. In answering paragraph 57, 58, 59, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

39. In answering paragraphs 60, Defendant denies these allegations.

40. In answering paragraph 61, Defendant admits that Plaintiff bring this action in their individual capacities. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

41. In answering paragraph 62, Defendant admits that Plaintiff seeks damages and attorney's fees in connection with this claim.

42. In answering paragraph 63, Defendant denies these allegations.

///

///

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## FIFTH CLAIM FOR RELIEF

43. In answering paragraph 64, Defendant repeats each and every response to paragraphs 1 through 63 of Plaintiff' complaint as if set forth fully herein.

44. In answering paragraph 65, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph..

45. In answering paragraph 66, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

46. In answering paragraph 67, including subsections (a) through (j), Defendant denies these allegations.

47. In answering paragraph 68, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph..

48. In answering paragraph 69, Defendant denies these allegations.

49. In answering paragraph 70, Defendant denies these allegations.

50. In answering paragraph 71, including subsections (a) through f), Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

51. In answering paragraph 72, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph..

52. In answering paragraph 73, Defendant admits that Plaintiff seeks damages in connection with this claim, but otherwise denies the allegations therein.

53. In answering paragraph 74, Defendant admits that Plaintiff seek damages and attorney's fees in connection with this claim, but otherwise denies the allegations therein.

## SIXTH CLAIM FOR RELIEF

54. In answering paragraph 75, Defendant repeats each and every response to paragraphs 1 through 74 of Plaintiff' complaint as if set forth fully herein.

55. In answering paragraphs 76, 77, 78, Defendant denies these allegations.

56. In answering paragraph 79, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

57. In answering paragraph 80, including subsections (a) through (g), Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

58. In answering paragraph 81, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

59. In answering paragraph 82, Defendant denies these allegations.

60. In answering paragraph 83, Defendant admits that Plaintiff seek damages and attorney's fees in connection with this claim, The defendant denies these damages and attorneys' fees are recoverable.

## SEVENTH CLAIM FOR RELIEF

61. In answering paragraph 84, Defendant repeats each and every response to paragraphs 1 through 83 of Plaintiff' complaint as if set forth fully herein.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

62. In answering paragraph 85, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph..

63. In answering paragraphs 87, 88, 89, 90, Defendant denies these allegations.

64. In answering paragraph 86, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

65. In answering paragraph 91, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

66. In answering paragraph 92, Defendant denies these allegations.

67. In answering paragraph 93, Defendant admits that Plaintiff seek damages and attorney's fees in connection with this claim, The defendant denies these damages and attorneys' fees are recoverable.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## EIGHTH CLAIM FOR RELIEF

68. In answering paragraph 94, Defendant repeats each and every response to paragraphs 1 through 93 of Plaintiff' complaint as if set forth fully herein.

69. In answering paragraph 95, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

70. In answering paragraph 96, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

71. In answering paragraph 97, 98, 99, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

72. In answering paragraph 100, Defendant denies these allegations.

73. In answering paragraph 101, Defendant denies these allegations.

74. In answering paragraph 102, Defendant admits that Plaintiff seek damages and attorney's fees in connection with this claim, but he defendant denies these damages and attorneys' fees are recoverable

75. In answering paragraph 103, Defendant admits that Plaintiff seek damages in connection with this claim. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## NINTH CLAIM FOR RELIEF

76. In answering paragraph 104, Defendant repeats each and every response to paragraphs 1 through 103 of Plaintiff' complaint as if set forth fully herein.

77. In answering paragraph 105, Defendant denies there was no justification for use of deadly force. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations

78. In answering paragraph 106, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

79. In answering paragraph 107, Defendant denies these allegations.

///

///

80. In answering paragraph 108, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

81. In answering paragraph 109, Defendant denies these allegations.

82. In answering paragraph 110, 111, Defendant admits that Plaintiff seek damages and punitive damages in connection with this claim, but the defendant denies these damages and attorneys' fees are recoverable

## TENTH CLAIM FOR RELIEF

83. In answering paragraph 112, Defendant repeats each and every response to paragraphs 1 through 111 of Plaintiff' complaint as if set forth fully herein.

84. In answering paragraph 113, Defendant admits that law enforcement officers owe a duty to exercise reasonable care, however, the specifics of the duty depend on the context. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

85. In answering paragraph 114, including subsections (a) through (g), Defendant denies that DOE Deputies breached a duty or that their actions were negligent. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

86. In answering paragraph 115, Defendant denies these allegations.

87. In answering paragraph 116, 117, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

88. In answering paragraph 118, Defendant denies these allegations.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

89. In answering paragraph 119, Defendant admits that Plaintiff bring this action in their individual capacities. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

90. In answering paragraph 120, Defendant denies these allegations.

**ELEVENTH CLAIM FOR RELIEF**

91. In answering paragraph 121, Defendant repeats each and every response to paragraphs 1 through 120 of Plaintiff' complaint as if set forth fully herein.

92. In answering paragraph 122, Defendant admits the Bane Act forbids people from interfering with a person's constitutional rights by force or threat. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

93. In answering paragraphs 123 and 124, 126, 128 Defendant denies these allegations.

94. In answering paragraphs 125, 127, Defendant denies these allegations, except where Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

95. In answering paragraph 129, Defendant admits that Plaintiff bring this action in their individual capacities. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations..

96. In answering paragraph 130, Defendant denies these allegations.

97. In answering paragraph 131, Defendant admits that Plaintiff seek damages, punitive damages and attorney's fees in connection with this claim, but the defendant denies these damages and attorneys' fees are recoverable.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## PRAYER FOR RELIEF

98. In answering Plaintiff' prayer for relief, Defendant denies Plaintiff are entitled to any of the relief requested.

## DEMAND FOR JURY TRIAL

99. In answering the un-numbered paragraph contained herein, Defendant admits that Plaintiff have requested a jury trial.

## AFFIRMATIVE DEFENSES

As for its separate affirmative defenses, this answering Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

100. Plaintiff' Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

101. Plaintiff failed to mitigate damages, which damages are denied to exist.

### THIRD AFFIRMATIVE DEFENSE

**(Good Faith Immunity)**

102. Plaintiff' Complaint was not filed, is not maintained in good faith, and with reasonable cause for purposes of 42 U.S.C. §§ 1983 and 1988.

### FOURTH AFFIRMATIVE DEFENSE

**(Comparative Negligence)**

103. This answering Defendant asserts that Decedent and/or Plaintiff were negligent in and about the activities alleged in the complaint; that said negligence contributed and was a proximate cause of Plaintiff' alleged injuries and damages, or was the sole cause thereof; and that if Plaintiff are entitled to recover damages against

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Defendant, then Defendant prays that the recovery be diminished or extinguished by reason of the negligence of Plaintiff in proportion to the degree of fault attributable to Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

**(Negligence Per Se)**

104. This answering Defendant asserts that any recovery on the Plaintiff' Complaint, or any purported claim or cause of action therein, is barred in whole or in part by Plaintiff' own conduct, which violated provisions of the Penal Code and, as such, was negligent per se.

**SIXTH AFFIRMATIVE DEFENSE**

**(Immunity from Exemplary Damages)**

105. Pursuant to Government Code section 818, as well as *The City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), this answering Defendant is not liable for exemplary or punitive damages in any sum, or at all.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No *Monell* Liability)**

106. Plaintiff' Complaint fails to state a cause of action against this answering Defendant pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) in that there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental custom or policy.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Immune under Federal Civil Rights Act)**

107. This answering Defendant is immune from liability pursuant to the Federal Civil Rights Act where it reasonably believed its actions were lawful.

///

///

///

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**NINTH AFFIRMATIVE DEFENSE**

**(No Violation of Federal Civil Rights)**

108. Plaintiff did not sustain an injury sufficient to give rise to a violation of their federal civil rights.

**TENTH AFFIRMATIVE DEFENSE**

**(Policy, Custom, Usage Not Established)**

109. The requisite policy, custom, or usage to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Acting in Scope of Employment)**

110. This answering Defendant's employees were at all times mentioned in Plaintiff' operative Complaint and now are duly qualified, appointed, and acting peace officers of the County of San Bernardino, State of California, and that all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as peace officers.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Respondeat Superior Liability)**

111. The doctrine of respondeat superior is not available under 42 U.S.C. § 1983.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

112. Each of Plaintiff' claims is barred by the applicable statute of limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Cause)**

113. That the actions of this answering Defendant and its employees in all respects were reasonable, proper, and legal.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Immunity under *Harlow*)**

114. Pursuant to *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), this answering Defendant is immune from liability pursuant to the Federal Civil Rights Act where Defendant acted in good faith and entertained an honest and reasonable belief that its actions were necessary.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Immunity under *Pierson*)**

115. Pursuant to *Pierson v. Ray*, 386 U.S. 547 (1967), this answering Defendant is immune from liability pursuant to the Federal Civil Rights Act where it acted in good faith and entertained an honest and reasonable belief that its actions were reasonable.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Government Code §820.4)**

116. Neither a public entity nor public employee is liable for his or her act or omission exercised in due care, in the execution or enforcement of any law under California Code §820.4.

**EIGHTEENTHAFFIRMATIVE DEFENSE**

**(Public Entity)**

117. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(California Government Code)**

118. Plaintiff' suit is barred by the provisions of California Government Code sections 815(a-b), 815.2(b), 818.8, 820.2, 820.4, 820.8, 821.6, and 945.4.

///

///

///

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**TWENTIETHAFFIRMATIVE DEFENSE**

119. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

**TWENTY-FIRSTAFFIRMATIVE DEFENSE**

**(Superseding and Intervening Cause)**

120. This answering Defendant alleges that the damages allegedly suffered by Plaintiff, which said damages are generally and specifically denied to exist, were the result the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiff' alleged damages which thereby relieves this answering Defendant from liability.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Immunity Under Eleventh Amendment)**

121. Plaintiff' Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant and said Defendant is immune from liability pursuant to the Eleventh Amendment of the United State Constitution.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Comply With Tort Claims Act)**

122. Plaintiff' state law claims are barred because Plaintiff failed to comply with the California Tort Claims filing requirements set forth in California Gov. Code § 911, et seq.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Liability under *Parratt*)**

123. Plaintiff' operative complaint does not state facts sufficient to constitute a cause of action against this answering Defendant or any Defendant herein, because simple negligence is not a federal civil rights violation pursuant to the United States

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Supreme Court decision in *Parratt v. Taylor*, 451 U.S. 527 (1981).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

124. Plaintiff are barred by the qualified immunity doctrine. This answering Defendant's employees at all times herein mentioned acted reasonably, in good faith, without malice, and within the scope of their duties as sworn peace officer(s) and public officials. The Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code § 810 et seq.) as a measure of the duty of the County of San Bernardino and its employees.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

125. Neither a public entity nor a public employee is liable for any injury caused by the institution or prosecution of any judicial proceedings within the scope of the public employee's employment.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Discretionary Immunity)**

126. Neither a public entity nor a public employee is liable for any injury resulting from his or her act or omission where the act or omission was the result of the exercise of discretion vested in him or her as set forth in § 820.2 of the Government Code.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Apportionment of Fault)**

127. This answering Defendant alleges that Plaintiff' damages, if any, were caused by the negligence and/or acts or omissions of parties other than this answering Defendant, whether or not parties to this action. By reason thereof, Plaintiff' damages, if any, as against this answering Defendant, must be reduced by the proportion of fault attributable to such other parties, and to the extent that this is necessary, this answering Defendant may be entitled to partial indemnity from others on a comparative fault basis.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Exhaustion of Remedies)**

128. As a separate and affirmative defense to the Complaint and to the alleged violations of U.S.C. §1983, Defendant alleges that Plaintiff have failed to exhaust administrative and/or contractual remedies.

**THIRTIETH AFFIRMATIVE DEFENSE**

129. The damages, if any, should be in direct proportion to the fault of the Defendant, if any, as provided by Civil Code §§ 1431 to 1431.5.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

130. Defendant is not liable pursuant to the doctrine of assumption of risk.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Probable Cause)**

131. At all times material to this action, Defendant had reasonable and probable cause to detain, restrain, and arrest Plaintiff based upon his violations of the California Penal Code and Health and Safety Code.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Reckless and Wonton)**

132. At all times mentioned in the Complaint, Plaintiff acted in a careless, reckless, wanton, and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, and wanton and negligent conduct proximately contributed to the injuries and damages sustained or claimed by Plaintiff; that as a consequence, Plaintiff' claims are barred.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

133. Plaintiff' claims are barred by the doctrine of unclean hands.

///

///

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Privilege, Justification)**

134. Defendant alleges as follows:

B. That at all times material to the Complaint, San Bernardino was and is a municipal corporation duly organized and existing by virtue of the laws of the state of California;

C. That at all times material to the Complaint, certain of San Bernardino's employees and agents were peace officers and police officers employed by San Bernardino; and at all times material to the Complaint, were acting in the course and scope of their public office, service, employment, and agency;

D. That at all times material to the Complaint, Defendant acted in accordance with and pursuant to relevant California Penal Code Sections;

E. That at all times material to the Complaint, certain of San Bernardino's employees and agents had reasonable and probable cause to believe that Plaintiff committed one or more violations of the California Penal Code and California Health and Safety Code;

F. That at all times material to the Complaint, Defendant was acting in good faith and without malice pursuant to the provisions of California Civil Code §§ 43.5(a) and California Government Code Sections 815, 815.2(b), 818, 820.2, 821.6, 844, 844.6, and 845.4; and

G. That as a consequence of the above, Defendant is immune from liability in this action, and the Plaintiff' causes of action alleged in the Complaint against Defendant are barred by law.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Third Party Immunity)**

1. Defendant County of San Bernardino is a public entity and alleges the Complaint and each and every cause of action therein is barred by the doctrine of third party immunity set forth in section 820.8 of the Government Code.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

2. By reason of Plaintiff' own acts and omissions, they are estopped from seeking any recovery from Defendant by reason of the allegations set forth in the Complaint.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Justification)**

3. Defendant allege that the County and its employees had legal justification for all of their actions and omissions and therefore the Complaint and each and every cause of action therein is barred.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Lack of Actual Knowledge)**

4. Plaintiff have insufficient evidence to prove that Defendant had actual knowledge of a serious risk of harm to Plaintiff and disregarded such knowledge.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Discharge of Obligations)**

5. As a separate and affirmative defense to the Complaint and to the alleged violations of 42 U.S.C. §1983, Defendant alleges that at all times mentioned in the Complaint, Defendant performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**Additional Affirmative Defenses)**

6. Because Plaintiff' Complaint is couched in conclusory terms, this answering Defendant cannot fully anticipate all of the affirmative defenses that may be applicable to the action, accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

///

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**PRAYER FOR RELIEF**

**WHEREFORE**, this answering Defendant prays:

1. That Plaintiff take nothing by their Complaint on file herein;
2. For its costs of suit incurred herein;
3. For attorneys' fees, and
4. For such additional remedies as the Court may find just and proper.

DATED: August 24, 2026 WESIERSKI & ZUREK LLP

By: James M Lloyd

JAMES M. LLOYD
Attorneys for Defendant COUNTY OF SAN BERNARDINO

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, this answering Defendant hereby demands a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: August 24, 2026 WESIERSKI & ZUREK LLP

By: James M Lloyd
JAMES M. LLOYD
Attorneys for Defendant COUNTY OF SAN BERNARDINO