**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff A.B.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

A.B., a minor, by and through his guardian *ad litem*, Monique Padilla, individually and as successor-in-interest to Anthony Bray,

Plaintiff,

v.

COUNTY OF SAN BERNARDINO, and DOES 1–10,

Defendants.

Case No.: 5:26−cv−03826−KK−ACCV
Hon. Kenly Kiya Kato

**JOINT SCHEDULING CONFERENCE REPORT AND SCHEDULE OF PRETRIAL DATES**

Date: October 15, 2026
Time: 10:00 AM
Location: Courtroom 3
3470 Twelfth Street
Riverside, California 92501

**Operative Complaint:** July 10, 2026
**Responsive Pleading:** August 24, 2026
**Trial (Proposed):** January 24, 2028

**JOINT RULE 26(f) REPORT FOR THE SCHEDULING CONFERENCE**

Pursuant to Local Rule 26-1, Federal Rule of Civil Procedure Rule 26(f), and this Court's Order, the parties hereby submit the following Joint Report. An early meeting was held on September 24, 2026, between Renee Masongsong of the Law Offices of Dale K. Galipo, counsel for Plaintiff, and James Lloyd, counsel for Defendant County of San Bernardino.

**A. <u>STATEMENT OF THE CASE</u>**

*1. Plaintiff's Statement:*

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful use of force and restraint against decedent, Anthony Bray ("Decedent"). Plaintiff brings state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth Amendment, including unlawful Detention and Arrest, Excessive Force, and Denial of Medical Care; (2) interference with familial relations in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment; (3) Municipal Liability— Inadequate Training and Unconstitutional Custom, Practice, or Policy; (4) False Arrest/False Imprisonment; (5) Battery; (6) Negligence; and (7) Violation of Cal. Civil Code § 52.1

On January 1, 2026, at approximately 10:30 p.m., San Bernardino County Sheriff's Department deputies responded to a call regarding a man acting erratically and creating a hazard in the roadway at the 17900 block of Highway 18 in Apple Valley, California. The deputies chased decedent across the highway and into an alley where an officer-involved shooting occurred. Decedent was struck by shots fired by defendant deputies including a shot to the back of the head. Decedent was transported to the hospital, where he survived until January 11, 2026, before succumbing to his injuries caused by the gunshots.

At the time of the shooting, Decedent was not armed with a gun, was not suspected of committing any serious or violent crime, and Decedent posed no immediate threat of death or serious bodily harm. The deputies had less lethal options available and had time to assess the situation. The use of deadly force under these circumstances was excessive and objectively unreasonable and contrary to police standards and training.

Plaintiff alleges that after the uses of force against Decedent, the deputies did not timely summon medical care or permit medical personnel to treat Decedent. The delay of medical care to Decedent caused Decedent extreme physical and emotional pain and suffering and was a contributing cause of Decedent's serious injuries.

*2. Defendant's Statement:*

On Thursday, January 1, 2026, at about 10:29 p.m., deputies from Apple Valley responded to the location for a report of a male subject acting erratic and creating a hazard in the roadway. Deputies arrived, conducted an area check and located the subject, Anthony Thomas Bray, in the roadway. When deputies attempted to contact Bray, he fled on foot through the center of the intersection and crossed the highway. Deputies pursued Bray into an alley where they attempted to take him into custody. Bray resisted arrest and presented an edged weapon. A lethal force encounter occurred, and Bray was struck by gunfire.

Defendants contend that Mr. Anthony Thomas Bray posed a threat of death or serious injury before the Defendant Officer opened fire on Mr. Anthony Thomas Bray. Defendants also contend that medical aid was timely summoned for Mr. Anthony Thomas Bray. Defendants dispute that it maintains unconstitutional policies, customs, habits, training programs and/or that it fails to train, supervise, or properly hire its employees.

//

//

**B. SUBJECT MATTER JURISDICTION**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**C. LEGAL ISSUES**

The following are among the principal issues raised by Plaintiff's Complaint:

Plaintiff's Position

a) Whether the involved deputies unreasonably detained and arrested Decedent under the Fourth Amendment;
b) Whether the involved deputies used excessive force and/or restraint against Decedent under the Fourth Amendment and California law (battery);
c) Whether the conduct of the involved deputies interfered with Plaintiff's right to a familial relationship with Decedent;
d) Whether the involved deputies' conduct toward Decedent was malicious, oppressive, or in reckless disregard of his rights;
e) Whether the involved deputies unreasonably denied medical care to Decedent under the Fourth Amendment;
f) Whether the San Bernardino Sheriff's Department has unconstitutional policies, practices, or customs that were the cause of Decedent's and Plaintiff's injuries;
g) Whether the San Bernardino Sheriff's Department failed to adequately train its deputies;

h) Whether the involved deputies were negligent with respect to their handling of the situation, pre-shooting tactics, and the use of force

i) Whether Defendants violated the Bane Act; and

j) The nature and extent of Plaintiff's and Decedent's damages, including wrongful death damages, survival damages, and punitive damages.

Defendant's Position

1. Whether the actions and inactions by Defendant was reasonable under the circumstances within the meaning of Fourth Amendment jurisprudence, including whether the shooting was excessive and unreasonable;
2. Whether the shooting and alleged use of excessive force against Decedent resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;
3. Whether Defendant Raul Ponce unreasonably denied medical care to Decedent;
4. Whether Defendant Deputies use of deadly force interfered with Plaintiffs' constitutional right to a familial relationship with Decedent;
5. Whether Defendant Deputies is/are entitled to qualified immunity;
6. Whether the Defendant Deputies has/have immunity pursuant to Government Code section 820.4;
7. Whether the County of San Bernardino maintained unconstitutional customs, practices, and/or policies, that were the cause of the Decedent's injuries;
8. Whether the County of San Bernardino failed to train its deputies with respect to the use of deadly force;
9. Whether the County of San Bernardino ratified any Deputy's use of force;
10. Whether County Deputy's use of force was unreasonable under California law;

11. Whether the Defendant Deputy was negligent with respect to his/her handling of the situation, including the use of deadly force against Decedent and pre-shooting negligent tactics;
12. The nature and extent of Plaintiffs' damages, including punitive damages.

**D. PARTIES AND EVIDENCE**

Plaintiff A.B. is Decedent's natural child.

Defendants are the County of San Bernardino and the involved County of San Bernardino's Sheriff's Department deputies identified as Doe Defendants.

Other witnesses and/or individuals with information pertinent to this matter may become known throughout the discovery process, including deputies on scene at the time of the incident, the responding paramedics, hospital personnel, the medical examiner, and the coroner investigator.

**Defendant's Position**

Defendant(s) anticipate the evidence they will use in defense of Plaintiff's allegations will primarily consist of body-worn camera recordings; street and/or traffic video(s);surveillance videos from nearby businesses; call records from the date of the incident; witness statements and videos; medical and autopsy records for Mr. Anthony Thomas Bray; the documents, photographs, forensic reports and/or materials generated and/or collected during San Bernardino County's Department's investigation of the subject incident; the County of San Bernardino Sheriff's Department's policies and training procedures in effect at the time of the subject incident; Defendant Deputies' training and disciplinary records; and expert testimony

**E. DAMAGES**

Plaintiff seeks damages in excess of $10,000,000. Plaintiff's damages include survival damages (including decedent's pre-death pain and suffering and

loss of life), wrongful death damages, and punitive damages. Plaintiff also seeks statutory attorney's fees and costs.

Defendant(s) deny/denies liability and causation. Moreover, pursuant to *Government Code section* 818, as well as *The City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), the County of San Bernardino is not liable for exemplary or punitive damages in any sum, or at all.

**F. INSURANCE**

Defendant County of San Bernardino is a self-insured public entity per *California Government Code § 990*.

**G. MOTIONS**

**1. Procedural Motions**

Plaintiff intends to amend the complaint to name the involved deputies as individual defendants. Plaintiff is hopeful that such amendment may be accomplished through stipulation, but if the Parties are unable to agree, Plaintiff will file a motion to amend the complaint.

Plaintiff is aware of a related case—*Grijalva v. County of San Bernardino*, Case No. 5:26-cv-03894 and anticipates that a motion or stipulation to consolidate these cases will be presented to this Court.

All parties anticipate filing motions in limine if this matter proceeds to trial.

**2. Stipulation regarding Protective Order**

The Parties anticipate entering into a "protective order" and anticipate filing such a request by way of Stipulation with a [Proposed] Order within 15 days of filing this Joint Report.

**H. MANUAL FOR COMPLEX LITIGATION**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

//

**I. STATUS OF DISCOVERY**

Plaintiff propounded written discovery on September 25, 2026, including Interrogatories seeking the names of the involved deputies.

Defendant will propound the initial discovery on or about October 5, 2026

**J. DISCOVERY PLAN**

The parties will exchange initial disclosures by October 30, 2026. There are no anticipated issues about discovery of electronically stored information. The Parties anticipate filing a stipulated protective order.

Plaintiff has propounded written discovery on Defendants, including a request for production seeking the materials pertaining to the investigation into this incident and Interrogatories requesting the names of the involved deputies. Plaintiff anticipates deposing the deputies involved in this incident and any witnesses to this incident, whose identities should become known through Defendants' initial disclosures. Plaintiff may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical attention to Decedent, as well as hospital personnel/treating physicians. Plaintiff may also depose a person most knowledgeable regarding the County of San Bernardino Sheriff Department's policies, procedures, and training pertaining to the use of force and restraint.

Subjects on which Plaintiff claims discovery may be needed include: facts of the incident; deputies' training; deputies' prior uses of force, if any, including citizens' or internal complaints made against the deputies; County of San Bernardino Sheriff Department policies; the handling of evidence by County of San Bernardino Sheriff Department employees; medical treatment provided to the decedent at the scene of the incident; and observations of the involved deputies and other witnesses.

Defendants anticipate promptly propounding written discovery on all Plaintiffs. Defendants intend to issue various deposition subpoenas, including for Mr. Anthony Thomas Bray's medical records, and to propound written discovery

to Plaintiffs. Defendants anticipate deposing Plaintiffs, other percipient witnesses who are identified in the course of discovery as well as Plaintiffs' liability and damages experts. As such, Defendants anticipate that they will require the ten allotted depositions pursuant to *Federal Rule of Civil Procedure* 30(a)(2)(A)(i).

**K. DISPOSITIVE MOTIONS**

If any Motion for Summary Judgment is filed, Plaintiff requests a minimum of two weeks to file their opposition.

**L. SETTLEMENT**

The parties have not yet engaged in any settlement discussions or communications. The parties' preference is to engage in these discussions through private mediation.

**M. CONSENT TO MAGISTRATE JUDGE**

The parties do not consent to a magistrate judge.

**N. TRIAL ESTIMATE**

Plaintiff estimates that the trial of this matter will last approximately six (6) court days after jury selection. Plaintiff anticipates calling approximately ten (10) witnesses, but this estimate may change after Plaintiff receives the investigative reports through discovery, which will describe the number of witnesses to this incident and the number of deputies involved in this incident.

Defendant(s) anticipate(s) calling an additional six (6) witnesses. This estimate may change after further discovery

**O. TRIAL COUNSEL**

Dale K. Galipo [Bar No. 144074] will be lead trial counsel for the Plaintiff's case.

Trial counsel for Defendant: Lead Trial Counsel: Christopher P. Wesierski [Bar No. 086736], cwesierski@wzllp.com; *co-counsel* Kathryn J. Harvey [Bar No. 241029] kharvey@wzllp.com; *co-counsel* James M. Lloyd [Bar

No. 243997], *jlloyd@wzllp.com*

**P. INDEPENDENT EXPERT OR MASTER**

Counsel agree that neither a discovery master, nor independent scientific expert are needed for this lawsuit.

**Q. TIMETABLE**

The Parties are attaching the Schedule of Pretrial Dates hereto. Counsel for the Parties have met and conferred regarding the proposed trial date and have reviewed their respective trial calendars in detail. The Parties are proposing **January 24, 2028**, as a trial date in this case. The Parties acknowledge that this date extends past the timeline indicated in this Court's provided Timetable and Order Setting Scheduling Conference. Due to the trial calendars of counsel on both sides, the Parties have been unable to find an earlier proposed trial date. Specifically, lead trial counsel for Plaintiff, Mr. Galipo, has three trials scheduled for September 2027, three trials scheduled for October 2027, and two trials scheduled for November 2027. Additionally, counsel for both Plaintiff and Defendants anticipate travel for the Thanksgiving holiday in November 2027.

**R. OTHER ISSUES**

None at this time.

Respectfully Submitted,

DATED: October 1, 2026

THE LAW OFFICES OF DALE K. GALIPO

By: /s/ *Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff

DATED: October 1, 2026

WESIERSKI & ZUREK LLP

By: /s/ James M. Lloyd

Christopher P. Wesierski
*cwesierski@wzllp.com*
Kathryn J. Harvey
*kharvey@wzllp.com*
James M. Lloyd
*jlloyd@wzllp.com*
Attorneys for Defendant COUNTY OF SAN BERNARDINO

SCHEDULE OF PRETRIAL DATES

| Matter | Deadline (in weeks/months after scheduling conference) | Joint Requested Date |
|---|---|---|
| Last Day to Stipulate or File Motion to Amend Pleadings or Add New Parties | *Low Level*: 2-3 weeks<br>*Medium Level*: 4-7 weeks<br>*High Level*: 8-10 weeks | 1/14/2027 |
| Fact Discovery Cut-Off (including hearing of discovery motions) | *Low Level*: 2 months<br>*Medium Level*: 3-6 months<br>*High Level*: 7-10 months | 5/15/2027 |
| **Matter** | **Deadline (in weeks after fact discovery cut-off)** | **Joint Requested Date** |
| Last Day to Serve Initial Expert Reports | *Low Level*: 1 week<br>*Medium Level*: 2 weeks<br>*High Level*: 4 weeks | 6/15/2027 |
| Last Day to Serve Rebuttal Expert Reports | *Low Level*: 2 weeks<br>*Medium Level*: 4 weeks<br>*High Level*: 8 weeks | 7/6/2027 |
| Expert Discovery Cut-Off (including hearing of discovery motions) | *Low Level*: 3-4 weeks<br>*Medium Level*: 6-7 weeks<br>*High Level*: 12-14 weeks | 7/27/2027 |
| Motion Hearing Cut-Off | *Low Level*: 8-9 weeks<br>*Medium Level*: 11-12 weeks<br>*High Level*: 18-20 weeks | 8/31/2027 |
| Last Day to Conduct Settlement Proceedings | *Low Level*: 8-9 weeks<br>*Medium Level*: 11-12 weeks<br>*High Level*: 18-20 weeks | [ ] Magistrate Judge<br>[ ] Mediation Panel<br>[x ] Private Mediation<br><br>Requested date: 10/8/2027 |
| Final Pretrial Conference (Thursday at 10:30 a.m.) | *Low Level*: 10-12 weeks<br>*Medium Level*: 15-20 weeks<br>*High Level*: 24-30 weeks | 11/18/2027 |
| Trial (Monday at 8:30 a.m. for jury trials; Monday at 9:00 a.m. for bench trials) | 18 days after Final Pretrial Conference | [x ] Jury<br>[ ] Bench<br><br>Estimated duration: 6 days<br><br>Requested date: Jan. 24, 2028 |