**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333

*Attorneys for Plaintiff A.B.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

A.B., a minor, by and through his guardian *ad litem*, Monique Padilla, individually and as successor-in-interest to Anthony Bray,

Plaintiff,

v.

COUNTY OF SAN BERNARDINO and DOES 1-10,

Defendants.

Case No. 5:26-cv-03826-KK-ACCV

*District Judge Kenly Kiya Kato*
*Magistrate Judge Angela C. C. Viramontes*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Judge: Kenly Kiya Kato
Date: January 7, 2027
Time: 9:30 a.m.
Courtroom: 3, 3rd Floor

[*Filed concurrently with* the Declaration of Renee V. Masongsong and Exhibits thereto; Proposed First Amended Complaint; "Redlined" First Amended Complaint; Proposed Order]

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on January 7, 2027, Plaintiff will and hereby does move this Court for leave to file a First Amended Complaint ("FAC") for the purpose of naming the San Bernardino County Sheriff's Department deputies/sergeants involved in the incident giving rise to this lawsuit as individual defendants in place of "Doe" Defendants. These proposed individual defendants are Sergeant Shane Anderson and Deputies Torey Arlotti and Gerardo Gonzalez. Plaintiff makes this Motion under Rule 15 of the Federal Rules of Civil Procedure on the following grounds: justice requires leave to amend; Plaintiff has no bad faith or dilatory motive; the proposed amendment will cause no undue delay and will not be futile; and Defendant County of San Bernardino will suffer no prejudice.

In compliance with Central District Local Rule 15-1 and this Court's Civil Standing Order (Dkt. 10 at p. 7 ¶ 3), Plaintiff hereby lodges Plaintiff's Proposed FAC as "**Exhibit A**" and attaches as an appendix a "redlined" version of the Proposed FAC as "**Exhibit B**," indicating all additions and deletions of material. [Declaration of Renee V. Masongsong ("Masongsong Decl.") at ¶¶ 2-3].

**STATEMENT OF MEET AND CONFER COMPLIANCE**

Pursuant to Central District Local Rule 7-3 and this Court's Civil Standing Order (Dkt. 10 at p. 6 ¶ 2), counsel for the parties met and conferred in real-time to discuss all issues raised in Plaintiff's instant Motion to Amend. The conference of counsel took place by telephone on November 12, 2026, and lasted approximately twenty minutes. [Masongsong Decl. at ¶ 4 and "**Exhibit C**" thereto].

Prior to the November 12, 2026 conference of counsel, Plaintiff's counsel engaged in the following "meet and confer" efforts: During the early meeting of counsel on September 24, 2026, Plaintiff's counsel informed Defendant County's counsel that Plaintiff intended to seek leave to file a FAC for the purpose of naming the involved San Bernardino County Sheriff's Department

deputies/sergeants as individual defendants. During that conversation, Plaintiff's counsel requested that Defendant's counsel provide the identities of the involved deputies/sergeants as soon as possible but no later than October 30, 2026, which is the date that the parties agreed to exchange initial disclosures. [Masongsong Decl. at ¶ 6]. Within the Parties' Joint Scheduling Conference Report, Plaintiff stated: "Plaintiff intends to amend the complaint to name the involved deputies as individual defendants. Plaintiff is hopeful that such amendment may be accomplished through stipulation, but if the Parties are unable to agree, Plaintiff will file a motion to amend the complaint." [Dkt. 17, 7:11-15; Masongsong Decl. at ¶ 7].

On September 25, 2026, Plaintiff propounded Interrogatories on Defendant County seeking the identities of the San Bernardino County Sheriff's Department deputies/sergeants involved in the incident giving rise to this lawsuit. On November 5, 2026, Defendant County provided verified responses to Plaintiff's Interrogatories. [Masongsong Decl. at ¶ 8 and "**Exhibit D**" thereto]. On November 10, 2026, after reviewing Defendant's Interrogatory Responses, Plaintiff's counsel sent defense counsel a formal "meet and confer" letter explaining Plaintiff's proposed amendments to the Complaint, setting forth Plaintiff's "good cause" for leave to amend, and citing Federal Rules of Civil Procedure, Rule 15 and related case law. [Masongsong Decl. at ¶ 9 and "**Exhibit E**" thereto]. Plaintiff's counsel's email transmitting the "meet and confer" letter attached a "redlined" draft of Plaintiff's Proposed FAC and a draft stipulation and proposed order to allow Plaintiff to file the Proposed FAC. [Masongsong Decl. at ¶ 11 and "**Exhibit F**" thereto].

During the conference of counsel on November 12, 2026, counsel for Defendant County agreed that Plaintiff has the right to file an amended complaint but stated that the County could not stipulate to the filing of the Proposed FAC

because it included a request for punitive damages. Plaintiff's counsel responded that the stipulation to allow Plaintiff to file the Proposed FAC was not intended to seek Defendant's concession to the allegations in the Proposed FAC. After the conference of counsel, Plaintiff's counsel modified the draft stipulation to include a paragraph stating, "The Parties agree that the instant Stipulation does not waive Defendants' ability to challenge the allegations set forth in Plaintiff's First Amended Complaint." Plaintiff's counsel sent defense counsel a draft of the revised stipulation on November 13, 2026. [Masongsong Decl. at ¶ 12 and "**Exhibits C and G**" thereto].

In a continued effort to avoid law and motion on this straightforward issue, on November 18, 2026, Plaintiff's counsel sent defense counsel a follow-up email asking whether Defendant County is agreeable to the revised stipulation. On November 20, 2026, Plaintiff's counsel resent defense counsel the revised stipulation with one last inquiry as to whether Defendant County would stipulate to Plaintiff filing his Proposed FAC. [Masongsong Decl. at ¶ 14]. Defendant did not directly respond to Plaintiff's November 18 and 20 inquiries regarding the stipulation. Therefore, Plaintiff resorts to filing the instant Motion to Amend. [Masongsong Decl. at ¶ 15].

This Motion is based on this Notice of Motion, the separate Memorandum of Points and Authorities filed concurrently herewith, the Declaration of Renee V. Masongsong and Exhibits thereto filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

Dated: November 25, 2026 LAW OFFICES OF DALE K. GALIPO

By *_/s/ Renee V. Masongsong_*
Renee V. Masongsong
Dale K. Galipo
*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of the fatal shooting of Anthony Bray ("Decedent") by San Bernardino County Sheriff's Department Sergeant Shane Andersen on January 1, 2026 following a foot pursuit and detention involving San Bernardino County Sheriff's Deputies Torey Arlotti and Gerardo Gonzalez. By way of the instant Motion, minor Plaintiff A.B., individually and as successor in interest to Decedent, by and through his guardian *ad litem*, Monique Padilla, seeks leave of Court to file a First Amended Complaint ("FAC") to name the following individuals in place of the "Doe" Defendants identified in Plaintiff's operative complaint as "DOE DEPUTIES": Sergeant Shane Andersen; Deputy Torey Arlotti; Deputy Gerardo Gonzalez. Plaintiff's Proposed FAC alleges that Sergeant Andersen fired the shots that killed Decedent and that Deputies Gonzalez and Arlotti integrally participated and/or failed to intervene in the shooting and other violations of Decedent's constitutional rights. In compliance with Central District Local Rule 15-1 and this Court's Civil Standing Order (Dkt. 10 at p. 7 ¶ 3), Plaintiff hereby lodges his Proposed FAC as "**Exhibit A**" and attaches as an appendix a "redlined" version of the Proposed FAC as "**Exhibit B**," indicating all additions and deletions of material. [Declaration of Renee V. Masongsong ("Masongsong Decl.") at ¶¶ 2-3].

Under Federal Rules of Civil Procedure, Rule 15, good cause exists for this Court to allow Plaintiff to amend his complaint, and the instant Motion should be granted because justice so requires. Plaintiff brings this Motion timely and in good faith. [Dkt. 19, p.1 (ordering December 3, 2026 as the last day to file a motion to amend the pleadings or add parties); Masongsong Decl. at ¶ 16]. The identities of these involved sergeants/deputies were provided to Plaintiff through discovery only recently, on November 5, 2026. [Masongsong Decl. at ¶ 8 and "**Exhibit D**" thereto]. Naming Sergeant Andersen and Deputies Gonzalez and Arlotti as defendants ensures that the correct parties are before the Court in this suit. The

requested amendment will create no undue delay, as discovery is in its initial stages. Plaintiff anticipates that the parties will continue to propound and respond to written discovery and conduct the depositions of the involved parties. Therefore, Plaintiff respectfully requests that this Court grant Plaintiff's instant Motion and issue an order allowing Plaintiff to file his Proposed FAC.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party seeking leave to amend a pleading after a response has been filed may do so either by stipulation or with leave of court. *See* Fed. R. Civ. P. 15(a)(2). Federal policy strongly favors determination of cases on their merits. Under Rule 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality," even where the amendment adds entirely new causes of action. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). Thus, "while 'leave to amend should not be granted automatically,' the circumstances under which Rule 15(a) 'permits denial of leave to amend are limited.'" *Lopez v. Cher Koon Teo*, No. CV 09u-03688 RGK (FFMx), 2010 WL 11519993, at *3 (C.D. Cal. July 1, 2010) (quoting *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991)).

Leave to amend should be denied "only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martinez v. City of Newport Beach*, 125 F.3d 777, 785 (9th Cir. 1997). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

1981). "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

## III. ARGUMENT

### A. The Effect of the Amendment—To Name Sergeant Andersen and Deputies Gonzalez and Arlotti as Individual Defendants in Place of "DOE DEPUTIES" as Reflected in the Proposed "Redlined" FAC Filed Concurrently Herewith

The Ninth Circuit has a liberal policy of allowing amendments to a complaint. *Eminence Capital, LLC*, 316 F.3d at 1051. Here, Plaintiff's proposed amendment easily satisfies the liberal standard of Rule 15. Plaintiff seeks leave to file an amended complaint in order to substitute Sergeant Andersen and Deputies Gonzalez and Arlotti in place of "Doe" Defendants identified as "DOE DEPUTIES" in Plaintiff's operative Complaint. Good cause exists for this Court to permit Plaintiff to make these amendments because until recently, Plaintiff was ignorant to the identities and involvement of the individuals identified as "DOE DEPUTIES." After receiving Defendant County's November 5, 2026 responses to Plaintiff's Interrogatories, Plaintiff learned that these individuals were involved in the January 1, 2026 shooting incident giving rise to this lawsuit. Specifically, Defendant County's Interrogatory Responses identify Sergeant Shane Andersen as the person who fired the shot(s) that struck and killed Decedent. Justice so requires that Plaintiff be permitted to bring his claims against the proper defendants.

### B. The Page and Line Numbers and Wording of Proposed Changes and Addition of Material

As set forth in more detail in Plaintiff's Proposed "Redlined" FAC filed concurrently herewith as an appendix labeled as "**Exhibit B**," indicating all

additions and deletions of material, Plaintiff's Proposed FAC makes the following changes:

- Substitution of Sergeant Andersen and Deputies Gonzalez and Arlotti in place of "DOE DEPUTIES" at the following page and line numbers: 2:5-6[1]; 2:9-10; 2:13-15; 3:22; 4:13-28; 5:1-4; 5:24; 6:3; 6:6-7; 6:9-10; 6:17; 6:20; 6:22; 7:1; 7:13; 7:22; 8:8-9; 8:16; 8:22-25; 9:7-8; 9:16-18; 10:3-4; 10:14-15; 10:19; 10:25; 11:11; 11:18-19; 11:22; 11:27-28; 12:6-7; 12:11; 12:22; 12:27; 13:15-16; 13:25-26; 14:1-2; 14:14; 14:20-21; 14:24; 15:5; 15:9-10; 15:18-19; 15:25; 20:9-10; 23:6-7; 23:20-21; 24:1; 24:20-21; 24:25; 25:4-5; 25:12-13; 25:16; 26:7-8; 26:11; 26:19-20; 27:1; 27:4; 27:14; 27:26; 28:1; 28:10; 28:15-16; 28:17-18; 29:6-7; 29:21-22; 30:11-12; 30:19-24; 31:1-3; 31:2-6; 31:9-10; 31:13; 31:22-23; 32:3-4; 32:7;
- Inclusion of the word "sergeants" at 15:17 and 17:27 after learning that Shane Andersen is a sergeant;
- Addition of an "integral participation and failure to intervene" claim against Deputies Gonzalez and Arlotti at ¶¶ 47, 55 (11:6-9; 12:16-19)
- Reference to the date of the filing of Plaintiff's initial Complaint at 3:18-19;
- Addition of a request for punitive damages on Plaintiff's Third Claim for Relief, which was inadvertently excluded from the operative Complaint at 13:6-11;
- Clarification of Plaintiff's existing request for damages for Decedent's pre-death pain and suffering and loss of life at 2:20-21 and 6:24

[1] Page and line numbers refer to the "redlined" version filed as "Exhibit B," which differ from the clean copy filed as "Exhibit A."

- Clarification of the scope of Plaintiff's request for survival damages on the state law claims at 25:10-26, 26:4-6, 27:22-25; 29:15-20; 30:1-4;
- Removal of Plaintiff's errant request for punitive damages on his Negligence Claim at 30:5-8;
- Removal of Plaintiff's errant request for wrongful death damages on the Bane Act claim at 31:27;
- Clarification of the specific code section allowing attorneys' fees, including a multiplier, at 32:9;
- Addition of Sergeant Andersen and Deputies Gonzalez and Arlotti to the Prayer for Relief, with minor clarifications to the wording of Plaintiff's requested damages within the Prayer for Relief (e.g., "DECEDENT's pre-death pain and suffering" as opposed to merely "pre-death pain and suffering").

**C. Defendant County Will Not Suffer Prejudice**

Defendant County will not suffer any prejudice if the Court grants Plaintiff leave to file his Proposed FAC. Defendant County provided the identities of Sergeant Andersen and Deputies Gonzalez and Arlotti in verified responses to Plaintiff's interrogatories, therefore demonstrating that Defendant County is well-informed of the identities of the sergeants/deputies involved in the incident giving rise to this lawsuit. Additionally, counsel for Defendant County has represented that he is in possession of discovery materials provided by Defendant County—documents such as the videos and police reports that presumably identify Sergeant Andersen and Deputies Gonzalez and Arlotti and describe their involvement. [Masongsong Decl. at ¶¶ 17-18]. Thus, Sergeant Andersen and Deputies Gonzalez and Arlotti, as well as Defendant County, have long been familiar with the facts giving rise to the allegations in Plaintiff's complaint and will not need to conduct additional research or learn additional facts to respond to Plaintiff's Proposed

FAC. Additionally, Plaintiff anticipates that the individual sergeants/deputies whom Plaintiff seeks to name as defendants will be represented by counsel for Defendant County.

**D. Plaintiff's Amendments are Not "Futile"**

"In the absence of any apparent or declared reason—such as . . . futility of amendment . . . the leave sought should, as the rules require, be "freely given." *Foman*, 371 U.S. at 182. Plaintiff's amendments would not be futile because Defendant County has represented that Sergeant Andersen and Deputies Gonzalez and Arlotti were involved in the January 1, 2026 incident involving Decedent, and Plaintiff believes that they are liable on Plaintiff's claims as set forth in Plaintiff's Proposed FAC filed concurrently herewith. Granting Plaintiff's instant Motion will ensure adjudication of all claims as against all defendants, and will ensure the resolution of this case on its merits. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 660-61 (N.D. Cal. 1987) (there is a profound need to ensure that civil rights cases are adjudicated on their merits).

**E. The Proposed Amendment Will Create No Undue Delay, And Plaintiff Has No Bad Faith or Dilatory Motive**

This is Plaintiff's first request to amend his Complaint. The requested amendment will create no undue delay. The amendment will not change the scope or nature of the discovery that is being undertaken in this case. Discovery is only in it is initial stages, and Plaintiff anticipates that the parties will continue to propound written discovery and take depositions of the involved parties. Plaintiff is also still within the timeframe set by this Court to amend his pleadings and add parties. [Dkt. 19, p.1 (ordering December 3, 2026 as the last day to file a motion to amend the pleadings or add parties)]. Additionally, there is a related case (*Grijalva v. County of San Bernardino*, Case No. 5:26-cv-03894) where the scheduling conference is set for December 28, 2026, and the cases have not yet been consolidated.

Plaintiff has no bad faith or dilatory motive in bringing this Motion. Plaintiff merely desires to bring his claims against the proper individual defendants. Plaintiff has two reasons for not bringing this Motion immediately upon receipt of the identities of Sergeant Andersen and Deputies Gonzalez and Arlotti. First, within the approximate three weeks between receiving this information and filing the instant Motion, Plaintiff provided Defendant County opportunities to consider Plaintiff's proposed stipulation to amend the Complaint, particularly given defense counsel's position that Plaintiff should be allowed to file a FAC, provided that Defendants are permitted to challenge the allegations set forth in the FAC. [Masongsong Decl. at ¶¶ 12-16 and "**Exhibit G**" thereto]. Second, Plaintiff waited a short time to file the instant Motion based on defense counsel's representations that Defendant County would produce discovery documents describing the specific actions and involvements of Sergeant Andersen and Deputies Gonzalez and Arlotti during the incident giving rise to this lawsuit. [Masongsong Decl. at ¶¶ 12-18].

**F. Plaintiff Respectfully Reserves the Right to Seek Leave to Make Further Amendments Upon Receipt of Defendant County's Pending Document Production**

The information on which Plaintiff relies to amend his Complaint was provided by way of Defendant County's November 5, 2026 Verified Interrogatory Responses. [Masongsong Decl. at ¶ 17 and "**Exhibit D**" thereto]. Additional information regarding the incident giving rise to this lawsuit—including videos of the incident—is in the possession of counsel for Defendant County, who has recently agreed to produce documents pursuant to the protective order. [Masongsong Decl. at ¶¶ 17, 18]. In the event that the videos, police reports, and other outstanding discovery documents ultimately provide evidence that conflicts with Defendant County's Interrogatory Responses and/or provide additional evidence regarding the actions and identities of County employees involved in the January 1, 2026 detention, arrest, and uses of force against Decedent, then Plaintiff

respectfully reserves the right to seek leave to further amend his operative Complaint and/or add parties to comport with the facts of the incident. Plaintiff makes this request in light of Plaintiff's counsel's continued diligence in seeking this information and pending receipt of these pertinent documents.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant him leave to file a First Amended Complaint consistent with "**Exhibit A**" filed concurrently herewith.

DATED: November 25, 2026 LAW OFFICES OF DALE K. GALIPO

By */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff