# EXHIBIT A

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff A.B.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

A.B., a minor, by and through his guardian *ad litem*, Monique Padilla, individually and as successor-in-interest to Anthony Bray,

Plaintiff,

v.

COUNTY OF SAN BERNARDINO, SHANE ANDERSEN, TOREY ARLOTTI, GERARDO GONZALEZ, and DOES 4–10,

Defendants.

Case No.: 5:26-cv-03826-KK-ACCV

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Federal Law Claims (42 U.S.C. § 1983)
1. Unlawful Detention and Arrest
2. Excessive Force
3. Denial of Medical Care
4. Interference with Familial Relationship
5. Municipal Liability, Unconstitutional Custom or Policy
6. Municipal Liability, Failure to Train
7. Municipal Liability, Ratification

State Law Claims
8. False Arrest/False Imprisonment (wrongful death and survival)
9. Battery (wrongful death and survival)
10. Negligence (wrongful death and survival)
11. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

# FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff A.B., by and through his guardian *ad litem*, Monique Padilla, individually and as successor-in-interest to Anthony Bray, and hereby brings this First Amended Complaint for Damages against Defendants COUNTY OF SAN BERNARDINO, SHANE ANDERSEN, TOREY ARLOTTI, GERARDO GONZALEZ, and DOES 4–10, and alleges as follows:

## INTRODUCTION

1. This civil rights and wrongful death action arises out of the fatal shooting of Anthony Bray ("DECEDENT") by SHANE ANDERSEN, a sergeant working for the San Bernardino County Sheriff's Department on January 1, 2026, in Apple Valley, California. DECEDENT, who posed no immediate threat of death or serious bodily injury at the time of the shooting, was shot by Sergeant SHANE ANDERSEN after being pursued by Deputies TOREY ARLOTTI and GERARDO GONZALEZ , resulting in his death. The use of deadly force was excessive and objectively unreasonable under the circumstances.

2. Plaintiff A.B., the minor child of DECEDENT, by and through his guardian *ad litem*, Monique Padilla, brings this action individually and as successor-in-interest to DECEDENT. Plaintiff A.B. seeks damages for the loss of his father and for his father's pre-death pain and suffering and loss of life, including wrongful death damages, survival damages, punitive damages, and attorney's fees.

3. This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and California state law.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4) because Plaintiff asserts claims arising

under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

5. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

7. On January 9, 2026, prior to his death, DECEDENT filed a claim on his own behalf. This claim was rejected on January 15, 2026. On January 21, 2026, Plaintiff A.B., by and through his guardian *ad litem*, Monique Padilla, served his comprehensive and timely claim for damages on his own behalf with the COUNTY OF SAN BERNARDINO pursuant to applicable sections of the California Government Code. The claim was rejected on February 17, 2026. On June 15, 2026, Plaintiff A.B. presented a timely amended claim for damages on his own behalf with the COUNTY OF SAN BERNARDINO. The amended claim was rejected on June 23, 2026. On July 10, 2026, Plaintiff filed his Complaint in this action.

## PARTIES

8. Anthony Bray ("DECEDENT"), a 38-year-old man, was shot on January 1, 2026, by SHANE ANDERSEN, a sergeant working for the San Bernardino County Sheriff's Department. At all relevant times, DECEDENT was an individual residing in San Bernardino County, California.

9. Plaintiff A.B. is the minor child of DECEDENT and DECEDENT's only child. Plaintiff A.B. appears in this action through his guardian *ad litem*, Monique Padilla.

10. Plaintiff A.B. was financially dependent on DECEDENT, his father, for the necessities of life.

11. Plaintiff brings this action under federal and state law in his individual capacity and as the successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60.

12. Defendant COUNTY OF SAN BERNARDINO ("COUNTY") was and is a political subdivision of the State of California located within this judicial district. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and departments, including the San Bernardino County Sheriff's Department ("SBSD"), and for ensuring that the actions of its employees comply with the laws and Constitutions of the United States and the State of California. COUNTY was the employer of SHANE ANDERSEN, GERARDO GONZALEZ, TOREY ARLOTTI, and DOES 4–10.

13. Defendant SHANE ANDERSEN ("ANDERSEN") is a sergeant employed by the COUNTY and its SBSD. At all relevant times, including during the shooting giving rise to this lawsuit, ANDERSEN was acting under color of state law, within the course and scope of his employment with the COUNTY, and with the actual or ostensible authority and ratification of COUNTY.

14. Defendant GERARDO GONZALEZ ("GONZALEZ") is a deputy employed by the COUNTY and its SBSD. At all relevant times, including during the shooting giving rise to this lawsuit, GONZALEZ was acting under color of state law, within the course and scope of his employment with the COUNTY, and with the actual or ostensible authority and ratification of COUNTY.

15. Defendant TOREY ARLOTTI ("ARLOTTI") is a deputy employed by the COUNTY and its SBSD. At all relevant times, including

during the shooting giving rise to this lawsuit, ARLOTTI was acting under color of state law, within the course and scope of his employment with the COUNTY, and with the actual or ostensible authority and ratification of COUNTY.

16. Defendants DOES 4-8 ("DOE DEPUTIES") are sheriff's deputies employed by SBSD. At all relevant times, including during the shooting giving rise to this lawsuit, DOE DEPUTIES were acting under color of state law, within the course and scope of their employment with the COUNTY, and with the actual or ostensible authority and ratification of COUNTY.

17. Defendants DOES 9-10 are supervisory, managerial, policymaking, or final policymaking officials employed by COUNTY and/or SBSD. DOES 9-10 were acting under color of law, within the course and scope of their duties, and with the authority and ratification of COUNTY.

18. Plaintiff is currently unaware of the true names and capacities of Defendants sued herein as DOES 4–10, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each DOE Defendant is responsible in some manner for the conduct and injuries alleged in this Complaint.

19. Plaintiff is informed and believes, and on that basis alleges, that each Defendant, including ANDERSEN, ARLOTTI, GONZALEZ and DOES 4–10, acted as an agent, employee, co-conspirator, and/or joint actor with each of the other Defendants, and in doing the acts alleged herein, acted within the scope of such relationships and with the knowledge, consent, and approval of the other Defendants.

20. Pursuant to California Government Code § 815.2, Defendant COUNTY is vicariously liable for the acts and omissions of ANDERSEN, ARLOTTI, GONZALEZ, and DOES 4–10 to the extent those acts and

omissions occurred within the scope of their employment. Defendant COUNTY is also liable under California Government Code § 815.6 for its failure to discharge a mandatory duty. Defendants ANDERSEN, ARLOTTI, GONZALEZ, and DOES 4–10 are liable under California Civil Code § 820(a).

21. All natural person Defendants, including ANDERSEN, ARLOTTI, GONZALEZ, and DOES 4–10, are sued in their individual capacities. Defendant COUNTY is sued for its direct liability under *Monell* and for vicarious liability under California state law. Plaintiff seeks punitive damages against the individual defendants only.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

22. On January 1, 2026, at approximately 10:30 p.m., DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ responded to a call regarding a man acting erratically and creating a hazard in the roadway at the 17900 block of Highway 18 in Apple Valley, California. DOE DEPUTIES, ARLOTTI, and GONZALEZ chased DECEDENT across the highway and into an alley where an officer-involved shooting occurred. DECEDENT was struck by shots fired by ANDERSEN, including a shot to the back of the head. DECEDENT was transported to the hospital, where he endured pre-death pain and suffering and survived until January 11, 2026, before succumbing to his injuries caused by the gunshots.

23. At the time of the shooting, DECEDENT was not armed with a gun, was not suspected of committing any serious or violent crime, and DECEDENT posed no immediate threat of death or serious bodily harm. DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ had less-lethal options available and had time to assess the situation. The use of deadly force

under these circumstances was excessive and objectively unreasonable and contrary to police standards and training.

24. Upon information and belief, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ failed to provide a clear verbal warning that deadly force would be used, and DECEDENT was not given an adequate opportunity to comply with any commands before he was shot.

25. Upon information and belief, following the shooting, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ failed to render timely medical aid to DECEDENT.

26. As a direct and proximate result of the shooting and the failure of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ to provide timely medical aid, DECEDENT endured prolonged and unnecessary pain and suffering for approximately eleven days prior to his death and ultimately died from his gunshot wounds.

27. The shooting of DECEDENT reflects a broader pattern of inadequate training, supervision, and accountability within the SBSD regarding the use of deadly force, particularly in situations that do not justify such force.

28. Plaintiff is informed and believes, and on that basis alleges, that DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were acting in accordance with a custom or policy of excessive force and deliberate indifference to the rights of civilians.

29. As a result of Defendants' actions, Plaintiff has suffered profound and ongoing damages, including but are not limited to the loss of the love, companionship, comfort, care, assistance, protection, affection, and moral support of DECEDENT. Plaintiff A.B. has been permanently deprived of the guidance, nurturing, and parental presence that he would have provided throughout A.B.'s life. Plaintiff has also suffered the loss of financial support

and household services that DECEDENT would have contributed, as well as the cost of funeral and burial expenses.

## <u>FIRST CLAIM FOR RELIEF</u>

**Fourth Amendment—Unlawful Detention or Arrest (§ 1983)**

(Plaintiff A.B. against DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ)

30. Plaintiff incorporates by reference the allegations set forth above.

31. Plaintiff brings this claim for relief in his capacity as successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30.

32. On January 1, 2026, Defendants DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ detained and ultimately used deadly force against DECEDENT without reasonable suspicion or probable cause to justify such actions.

33. At the time of the initial detention and use of force, DECEDENT was not armed with a gun, not suspected of any serious or violent crime, and was not acting in a manner that posed an immediate threat of death or serious bodily injury to DOE DEPUTIES, ANDERSEN, ARLOTTI, GONZALEZ, or any other person.

34. DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ failed to use de-escalation tactics, failed to maintain a safe tactical distance, and immediately escalated to deadly force without exhausting reasonable alternatives or giving DECEDENT an adequate opportunity to comply with commands.

35. In addition to the detention and arrest being unreasonable, the scope and manner of the detention and arrest was unreasonable. The decision to shoot DECEDENT was unreasonable under the circumstances and

constituted an unlawful seizure within the meaning of the Fourth Amendment to the United States Constitution, as incorporated against state actors by the Fourteenth Amendment.

36. The conduct of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ was willful, wanton, malicious, and done with conscious disregard for the rights and safety of DECEDENT and therefore warrants the imposition of punitive damages against DOE DEPUTIES in their individual capacities.

37. At all relevant times, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were acting under color of state law and within the course and scope of their employment with the San Bernardino County Sheriff's Department.

38. As a result of the unlawful detention by ANDERSEN, ARLOTTI, and GONZALEZ and use of force by DOE DEPUTIES and ANDERSEN, DECEDENT suffered serious physical injuries, conscious pain and suffering, and ultimately died on January 11, 2026.

39. On this claim, Plaintiff seeks survival damages for the pre-death pain and suffering, loss of life, and loss of enjoyment of life suffered by DECEDENT, as well as attorneys' fees and costs under § 1988.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment—Excessive Force (§ 1983)**

(Plaintiff A.B. against DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ)

40. Plaintiff incorporates by reference the allegations set forth above.

41. Plaintiff brings this claim for relief in his capacity as the successor-in-interest to DECEDENT, pursuant to California Code of Civil Procedure § 377.30.

42. The Fourth Amendment to the United States Constitution, as incorporated against state actors by the Fourteenth Amendment, guarantees all persons the right to be free from excessive force by law enforcement officers.

43. At all relevant times, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were acting under color of state law and within the course and scope of their employment with the San Bernardino County Sheriff's Department.

44. On January 1, 2026, ANDERSEN used excessive and unreasonable force against DECEDENT, despite the fact that DECEDENT was not armed with a gun, not suspected of any serious or violent crime, and posed no immediate threat of death or serious bodily injury to the deputies or anyone else.

45. Upon information and belief, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ failed to give DECEDENT a verbal warning that deadly force would be used and failed to give DECEDENT a reasonable opportunity to comply with any commands before opening fire.

46. The use of deadly force under these circumstances was objectively excessive and unreasonable and contrary to police standards and training, particularly in light of the availability of less-lethal options, the absence of any immediate threat, and the deputy's ability to maintain distance, cover, and time.

47. ANDERSEN, ARLOTTI, and GONZALEZ each integrally participated in the use of force against DECEDENT. ARLOTTI and GONZALEZ had a responsibility and realistic opportunity to intervene in the use of force against DECEDENT and did not intervene.

48. As a direct and proximate result of the actions of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ, DECEDENT

experienced conscious pain and suffering before his death. Plaintiff seeks survival damages on this claim for the violation of DECEDENT's rights, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life.

49. Plaintiff further seeks attorneys' fees and costs pursuant to § 1988.

50. The conduct of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ was malicious, wanton, oppressive, and carried out with a conscious disregard for the constitutional rights and physical safety of DECEDENT. As a result, Plaintiff is entitled to an award of punitive damages against DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ in their individual capacities.

## THIRD CLAIM FOR RELIEF

**Fourth Amendment—Denial of Medical Care (§ 1983)**

(Plaintiff A.B. against DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ)

51. Plaintiff incorporates by reference the allegations set forth above.

52. Plaintiff brings this claim for relief in his capacity as the successor-in-interest to DECEDENT, pursuant to California Code of Civil Procedure § 377.30.

53. At all relevant times, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were acting within the course and scope of their employment as deputies/sergeants with the SBSD and were acting under color of state law.

54. Upon information and belief, following the shooting of DECEDENT, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ failed to render medical aid and failed to timely summon emergency medical

care, despite knowing that DECEDENT had sustained multiple gunshot wounds and was in critical need of life-saving treatment. This failure to act was objectively unreasonable under the circumstances.

55. ANDERSEN, ARLOTTI, and GONZALEZ each integrally participated in the delay and/or denial of medical care to DECEDENT. ARLOTTI and GONZALEZ had a responsibility and realistic opportunity to intervene in the use of force against DECEDENT and did not intervene.

56. The denial and delay of medical care by DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures under the Fourth Amendment to the United States Constitution, as incorporated to the states through the Fourteenth Amendment, in violation of § 1983.

57. As a direct and proximate result of the acts and omissions of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ, DECEDENT experienced conscious pain and suffering, physical and emotional distress, and ultimately died from the injuries he sustained.

58. Plaintiff seeks survival damages under this claim, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiff further seeks attorneys' fees and costs pursuant to § 1988.

59. The conduct of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ was malicious, wanton, oppressive, and carried out with a conscious disregard for the constitutional rights of DECEDENT and Plaintiff. As a result, Plaintiff is entitled to an award of punitive damages against DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ in their individual capacities.

//

## FOURTH CLAIM FOR RELIEF

**Fourteenth Amendment—Denial of Familial Relationship (§ 1983)**

(Plaintiff A.B. against DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ)

60. Plaintiff incorporates by reference the allegations set forth above.

61. Plaintiff A.B., the minor child of DECEDENT, has a cognizable interest under the Due Process Clause of the Fourteenth Amendment to be free from unwarranted state interference in his familial relationship with his father. DECEDENT was involved in the day-to-day child rearing of A.B., and A.B. and DECEDENT maintained a close, loving, consistent parent-child relationship.

62. At all relevant times, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were acting under color of state law and within the course and scope of their employment as deputies for the COUNTY and its SBSD.

63. The acts of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ, including the use of deadly force against DECEDENT when he was not armed with a gun and not posing an immediate threat of death or serious bodily injury, and the delay/denial of medical care, shock the conscience and constitute a violation of Plaintiff's substantive due process rights. DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ had time to deliberate before resorting to lethal force against DECEDENT.

64. The conduct of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ was undertaken with a purpose to harm unrelated to any legitimate law enforcement objective and reflected a deliberate indifference and reckless disregard for DECEDENT's rights and the familial rights of DECEDENT's child.

65. As a direct and proximate result of the actions of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ, DECEDENT died.

66. Plaintiff brings this claim in his individual capacity for the violation of his own constitutional rights.

67. Plaintiff seeks wrongful death damages on this claim, as well as attorneys' fees and costs pursuant to § 1988.

68. The conduct of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ was malicious, wanton, oppressive, and carried out with a conscious disregard for the constitutional rights of DECEDENT and Plaintiff. As a result, Plaintiff is entitled to an award of punitive damages against DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ in their individual capacities.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Municipal Liability: Unconstitutional Custom or Policy (§ 1983)**

(Plaintiff A.B. against the COUNTY and DOES 9-10)

69. Plaintiff incorporates by reference the allegations set forth above.

70. When ANDERSEN fatally shot DECEDENT and then when ANDERSEN, ARLOTTI, and GONZALEZ denied DECEDENT prompt and necessary medical care, they acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

71. On information and belief, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

72. DOES 9-10, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

a. Using excessive force, including excessive use of deadly force;
b. Providing inadequate training regarding the use of deadly force;

c. Employing and retaining as deputy sheriffs or sergeants individuals such as DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ, whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing his authority and for using excessive force;

d. Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including a failure to train with respect to the use of lethal firearms;

e. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies;

f. Failing to adequately discipline COUNTY deputies for the above-referenced categories of misconduct, including “slaps on the wrist,” discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g. Announcing that unjustified shootings are “within policy,” including shootings that were later determined in court to be unconstitutional;

h. Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

i. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

j. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings.

73. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

74. Defendants COUNTY and DOES 9-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

75. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 9-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 9-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

76. The following are only a few examples of continued conduct by sheriff's deputies working for the COUNTY, which indicate the COUNTY's failure to properly train its sheriff's deputies/sergeants:

a. In *Estate of Merlin Factor v. County of San Bernardino, et al.*, case number 5:14-cv-01289-DMG-AGR(x), Plaintiffs argued that the use of deadly force against the not armed with a gun Merlin Factor in 2013 was unreasonable. The police reports showed that Mr. Factor was not armed with a gun, and the parties settled the case for a high six-figure settlement.

b. In *Archibald v. County of San Bernardino*, case number 5-16-cv-1128, Plaintiff argued that the involved San Bernardino County sheriff's deputy used deadly force against the not armed with a gun Nathanael Pickett in 2015 when he posed no immediate threat. In 2018, the jury in that case returned a $33.5 million verdict against Defendant County of San Bernardino and its involved officer.

c. In *T.M. (Phillips) v. County of San Bernardino, et al.*, case number 5:18-cv-2532-R-PLA, Plaintiff alleged that the shooting of Lajuana Phillips was excessive and unreasonable. In 2018, the parties settled the case for a seven-figure settlement.

d. In *Young v. County of San Bernardino, et al.*, case number 5:15-CV-01102-JGB-SP, Plaintiff argued that the 2014 shooting of Keivon Young was excessive and unreasonable. In 2016 a jury agreed and awarded a high six-figure verdict in Plaintiff's favor.

e. In *V.R. v. County of San Bernardino, et al.*, case number 5:19-cv-01023-JGB-SP, Plaintiffs argued at trial that the 2018 shooting of Juan Ramos was excessive and unreasonable. In 2022, a jury agreed and awarded a six-figure verdict in Plaintiffs' favor.

f. Numerous prior incidents at County San Bernardino detention centers also support Plaintiffs' claims for Municipal Liability in this case. For example, between 2014 and 2016, thirty-three County inmates filed lawsuits alleging torture by the County and its deputies involving violations of § 1983. (Case Nos. 5:15-cv-02515-JGB-DTB) Johnny Alcala and 14 other inmates sued the County, and David Smith filed his own lawsuit (5:15-cv-02513-JGB-DTB), going back to years of torture by COUNTY correctional officers. Moreover, the ACLU also brought a class action lawsuit alleging unconstitutional practice of LGBT inmates at the County's WVDC. (Case No. 14-2171-JGB-SP). The ACLU's lawsuit addressed WVDC's unconstitutional denial of services, including failure to make safety checks as mandated by Title 15, and the suit represented approximately 600 individuals.

g. In February 2026, in the case *Barber v. County of San Bernardino*, Case No. 5:22-cv-00625-KK-DTB, Plaintiff Steffon Barber argued that a SBSD deputy used excessive and unreasonable force, was negligent, and acted with a reckless disregard for Mr. Barber's right to be free from excessive force.

A unanimous federal jury agreed and returned a verdict of $27,350,000 in Plaintiff's favor.

77. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

78. Accordingly, Defendants COUNTY and DOES 9-10 are liable to Plaintiff for compensatory damages under § 1983.

Plaintiff brings this claim as the successor in interest to DECEDENT and seeks wrongful death and survival damages under this claim. Plaintiff also seeks attorney's fees and costs under this claim.

**SIXTH CLAIM FOR RELIEF**

**Municipal Liability: Failure to Train (§ 1983)**

(Plaintiff A.B. against COUNTY and DOES 9-10)

79. Plaintiff incorporates by reference the allegations set forth above.

80. The acts of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ, including fatally shooting DECEDENT when he posed no immediate threat of death or serious bodily injury, failing to give a warning that deadly force would be used prior to shooting, and then denying prompt and necessary medical care, deprived DECEDENT and Plaintiff of their rights under the United States Constitution.

81. The training policies of Defendant COUNTY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

82. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

83. The failure of Defendant COUNTY to provide adequate training caused the deprivation of Plaintiff's rights by DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ; that is, the defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

84. The following are only a few examples of continued conduct by sheriff's deputies working for the County of San Bernardino, which indicate the County of San Bernardino's failure to properly train its sheriff's deputies:

a. In *Estate of Merlin Factor v. County of San Bernardino, et al.*, case number 5:14-cv-01289-DMG-AGR(x), Plaintiffs argued that the use of deadly force against the not armed with a gun Merlin Factor was unreasonable. The police reports showed that Mr. Factor was not armed with a gun, and the parties settled the case for a high six-figure settlement.

b. In *Archibald v. County of San Bernardino*, case number 5-16-cv-1128, Plaintiff argued that the involved San Bernardino County sheriff's deputy used deadly force against the not armed with a gun Nathanael Pickett when he posed no immediate threat. The jury in that case returned a $33.5 million verdict against Defendant County of San Bernardino and its involved officer.

c. In *T.M. (Phillips) v. County of San Bernardino, et al.*, case number 5:18-cv-2532-R-PLA, Plaintiff alleged that the shooting of Lajuana Phillips was excessive and unreasonable. In 2018, the parties settled the case for a seven-figure settlement.

d. In *Young v. County of San Bernardino, et al.*, case number 5:15-CV-01102-JGB-SP, Plaintiff argued that the 2014 shooting of Keivon Young was excessive and unreasonable. In 2016 a jury agreed and awarded a high six-figure verdict in Plaintiff's favor.

e. In *V.R. v. County of San Bernardino, et al.*, case number 5:19-cv-01023-JGB-SP, Plaintiffs argued at trial that the 2018 shooting of Juan Ramos was excessive and unreasonable. In 2022, a jury agreed and awarded a six-figure verdict in Plaintiffs' favor.

f. Numerous prior incidents at County San Bernardino detention centers also support Plaintiffs' claims for Municipal Liability in this case. For example, between 2014 and 2016, thirty-three County inmates filed lawsuits alleging torture by the County and its deputies involving violations of § 1983. (Case Nos. 5:15-cv-02515-JGB-DTB). Johnny Alcala and 14 other inmates sued the County, and David Smith filed his own lawsuit (5:15-cv-02513-JGB-DTB), going back to years of torture by County correctional officers. Moreover, the ACLU also brought a class action lawsuit alleging unconstitutional practice of LGBT inmates at the County's WVDC. (Case No. 14-2171-JGB-SP). The ACLU's lawsuit addressed WVDC's unconstitutional denial of services, including failure to make safety checks as mandated by Title 15, and the suit represented approximately 600 individuals.

g. In February 2026, in the case *Barber v. County of San Bernardino*, Case No. 5:22-cv-00625-KK-DTB, Plaintiff Steffon Barber argued that a SBSD deputy used excessive and unreasonable force, was negligent, and acted with a reckless disregard for Mr. Barber's right to be free from excessive force. A unanimous federal jury agreed and returned a verdict of $27,350,000 in Plaintiff Mr. Barber's favor.

85. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The

aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

86. Accordingly, Defendants COUNTY and DOES 9-10 are liable to Plaintiff for compensatory damages under § 1983.

87. Plaintiff brings this claim as the successor in interest to DECEDENT and seeks wrongful death and survival damages under this claim. Plaintiff also seeks attorney's fees and costs under this claim.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability: Ratification (§ 1983)

(Plaintiff A.B. against COUNTY and DOES 9-10)

88. Plaintiff incorporates by reference the allegations set forth above.

89. Defendants DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were acting under color of state law and within the course and scope of their employment with SBSD.

90. The acts and omissions of Defendant DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ deprived DECEDENT and Plaintiff of their rights under the United States Constitution, including by intentionally and unjustifiably shooting DECEDENT, resulting in his death, and depriving Plaintiff A.B. of his familial relationship with him.

91. Upon information and belief, one or more final policymakers within SBSD, DOES 9-10, acting under color of law, have a history of ratifying unconstitutional uses of force, including excessive and deadly force.

92. Upon information and belief, DOES 9-10, acting under color of law and possessing final policymaking authority with respect to the actions of Defendants DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ ratified the acts and omissions of Defendant DOE DEPUTIES. This ratification includes express approval of the unjustified and excessive use of

deadly force against DECEDENT when he did not pose an immediate threat of death or serious bodily injury.

93. SBSD's official policy prohibits the use of deadly force unless an individual poses an immediate threat of death or serious bodily injury to deputies or others. The conduct of Defendants DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ was contrary to that policy, as DECEDENT posed no such threat at the time he was shot.

94. Upon information and belief, one or more final policymakers, DOES 9-10, have determined, or will determine, that the actions of Defendants DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were "within policy," thereby ratifying those actions.

95. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

96. Accordingly, Defendants COUNTY and DOES 9-10 are liable to Plaintiff for compensatory damages under § 1983.

97. Plaintiff brings this claim as the successor in interest to DECEDENT and seeks wrongful death and survival damages under this claim. Plaintiff also seeks attorney's fees and costs under this claim.

## EIGHTH CLAIM FOR RELIEF

**False Arrest / False Imprisonment (Wrongful Death and Survival)**

(Plaintiff A.B. against DOE DEPUTIES, ANDERSEN, ARLOTTI GONZALEZ and COUNTY)

98. Plaintiff incorporates by reference the allegations set forth above.

99. On January 1, 2026, Defendants DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ unlawfully detained and ultimately used deadly force against DECEDENT without reasonable suspicion or probable cause.

100. At the time of the detention and use of force, DECEDENT was not armed with a gun, not suspected of any serious or violent crime, and was not engaged in any criminal activity that justified his detention or arrest.

101. DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ detained DECEDENT through the use of force and coercion, escalating immediately to deadly force without providing clear commands, warnings, or lawful justification. DECEDENT was not free to leave, and his freedom of movement was intentionally restricted by their conduct for an appreciable amount of time.

102. The detention and ultimate fatal use of force constituted a false arrest and false imprisonment under California law.

103. At all relevant times, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were acting within the course and scope of their employment with the San Bernardino County Sheriff's Department. Thus, Defendant COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for injuries caused by its employees acting within the scope of their employment if the employee would be personally liable.

104. By reason of the aforementioned acts and omissions causing DECEDENT's death, Plaintiff has suffered a loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also and caused DECEDENT to incur medical expenses between the time of the shooting and the time of his death.

105. Accordingly, Defendants COUNTY and DOES 9-10 are liable to Plaintiff for compensatory damages under § 1983.

106. Plaintiff brings this claim individually and in his capacity as successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30. Plaintiff seeks wrongful death and survival damages on this claim.

107. The conduct of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ was malicious, wanton, and oppressive, and carried out with conscious disregard for the rights and safety of DECEDENT, entitling Plaintiff to an award of punitive damages against DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ in their individual capacities.

## NINTH CLAIM FOR RELIEF

### Battery (Wrongful Death and Survival)

(Plaintiff A.B. against DOE DEPUTIES, ANDERSEN, and COUNTY)

108. Plaintiff incorporates by reference the allegations set forth above.

109. ANDERSEN intentionally shot DECEDENT, causing his fatal injuries. ANDERSEN had no legal justification for using deadly force against DECEDENT, rendering the use of such force unreasonable, unnecessary, and unlawful under the circumstances.

110. At the time of the shooting, DECEDENT was not armed with a gun, posed no immediate or imminent threat of death or serious bodily injury. Less-lethal alternatives were available and, upon information and belief, no verbal warning of deadly force was given.

111. At all relevant times, DOE DEPUTIES and ANDERSEN were acting within the course and scope of their employment with the San Bernardino County Sheriff's Department. Thus, Defendant COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES and ANDERSEN

pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for injuries caused by its employees acting within the scope of their employment if the employee would be personally liable.

112. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT to incur medical expenses between the time of the shooting and the time of his death.

113. Accordingly, Defendants COUNTY, DOE DEPUTIES, and ANDERSEN are liable to Plaintiff for compensatory damages under § 1983.

114. Plaintiff brings this claim individually and in his capacity as successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30. Plaintiff seeks wrongful death damages on this claim, including for the loss of his father's love, affection, companionship, training, guidance, and financial support. Plaintiff also seeks survival damages on this claim, including but not limited to DECEDENT's medical expenses and other economic loss caused by the shooting.

115. The conduct of DOE DEPUTIES and ANDERSEN was malicious, wanton, and oppressive, and carried out with conscious disregard for the rights and safety of DECEDENT, entitling Plaintiff to an award of punitive damages against DOE DEPUTIES and ANDERSEN in their individual capacities.

## TENTH CLAIM FOR RELIEF

**Negligence (Wrongful Death and Survival)**

(Plaintiff A.B. against all Defendants)

116. Plaintiff incorporates by reference the allegations set forth above.

117. Law enforcement officers, including DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ owe a duty to exercise reasonable care in the performance of their duties, including but not limited to: using appropriate de-escalation tactics; giving clear, non-conflicting commands; using deadly force only when necessary; and providing or summoning timely medical care after causing serious injury.

118. DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ breached that duty by shooting DECEDENT without legal justification. The actions of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were negligent, including but not limited to:

a. the unlawful and unreasonable use of deadly force;

b. the failure to de-escalate the situation prior to using force;

c. the failure to give clear, adequate, or lawful verbal commands;

d. the immediate and unjustified escalation to a deadly force option without attempting less-lethal alternatives;

e. the failure to maintain a safe tactical distance, tactically reposition, or use cover to allow time for assessment and communication;

f. the failure to reassess the threat posed by DECEDENT;

g. the failure to recognize and respond appropriately to DECEDENT’s nonviolent and non-threatening behavior;

119. DECEDENT posed no immediate or imminent threat of death or serious bodily injury, was not armed with a gun, and was not warned that deadly force would be used.

120. At all relevant times, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were acting within the course and scope of their employment with the San Bernardino County Sheriff’s Department. Thus,

Defendant COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for injuries caused by its employees acting within the scope of their employment if the employee would be personally liable.

121. By reason of the aforementioned acts and omissions causing DECEDENT's death, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT' to incur medical expenses and other economic loss.

122. Accordingly, Defendants COUNTY, ANDERSEN, ARLOTTI, and GONZALEZ are liable to Plaintiff for compensatory damages under § 1983.

123. Plaintiff brings this claim individually and in his capacity as successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30. Plaintiff seeks wrongful death damages on this claim, including for the loss of his father's love, affection, companionship, training, guidance, and financial support. Plaintiff also seeks survival damages on this claim, including but not limited to DECEDENT's medical expenses and economic loss caused by the shooting.

## ELEVENTH CLAIM FOR RELIEF

**Violation of Cal. Civil Code § 52.1**

(Plaintiff A.B. against DOE DEPUTIES, ANDERSEN, ARLOTTI, GONZALEZ and COUNTY)

124. Plaintiff incorporates by reference the allegations set forth above.

125. The Bane Act, California Civil Code § 52.1, prohibits any person, whether or not acting under color of law, from interfering by threat,

intimidation, or coercion with the exercise or enjoyment of an individual's constitutional rights.

126. When ANDERSEN, ARLOTTI, and GONZALEZ engaged in the foregoing conduct, including unlawfully detaining DECEDENT and unnecessarily shooting him, they interfered with his civil rights to be free from unreasonable searches and seizures, due process, equal protection of the laws, medical care, and life, liberty, and property. ANDERSEN intentionally used deadly force, demonstrating a reckless disregard for DECEDENT's right to be free from excessive force.

127. DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ acted with the purpose and effect of interfering with DECEDENT's constitutional rights through coercive and deadly means.

128. Plaintiff is informed and believes that DECEDENT reasonably perceived the conduct of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ as violent and threatening, and that such conduct discouraged and ultimately eliminated his ability to exercise his constitutional rights.

129. At all relevant times, DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ were acting within the course and scope of their employment with the San Bernardino County Sheriff's Department. Thus, Defendant COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for injuries caused by its employees acting within the scope of their employment if the employee would be personally liable.

130. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The

aforementioned acts and omissions also caused DECEDENT's pre-death pain and suffering, loss of enjoyment of life, loss of life, and death.

131. Accordingly, Defendants DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ are liable to Plaintiff for compensatory damages under § 1983.

132. Plaintiff brings this claim individually and in his capacity as successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30. Plaintiff seeks survival damages on this claim, including but not limited to DECEDENT's pre-death pain and suffering, emotional anguish, loss of life, loss of enjoyment of life, and any related medical expenses.

133. The conduct of DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ was malicious, wanton, and oppressive, and carried out with conscious disregard for the rights and safety of DECEDENT, entitling Plaintiff to an award of punitive damages against DOE DEPUTIES, ANDERSEN, ARLOTTI, and GONZALEZ in their individual capacities.

134. On this claim, Plaintiff also seeks attorneys' fees, including a multiplier, and costs, under California Civil Code §§ 52.1, 52(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs A.B., by and through his guardian *ad litem* Monique Padilla, requests entry of judgment in his favor against Defendants COUNTY OF SAN BERNARDINO, SHANE ANDERSEN, TOREY ARLOTTI, and GERARDO GONZALEZ and DOES 4–10, as follows:

1. For compensatory damages in excess of thirty million dollars, including: survival damages—including DECEDENT's pre-death pain and suffering, loss of life, loss of enjoyment of life, and medical expenses— and wrongful death damages— including loss of DECEDENT's love, affection, association, companionship, society, care, comfort, protection, and guidance;

2. For funeral and burial expenses, DECEDENT's medical expenses, and loss of financial support;

3. For punitive damages against the individual defendants in an amount to be proven at trial;

4. For statutory damages;

5. For reasonable attorneys' fees and litigation expenses, including pursuant to § 1988 and applicable California law;

6. For costs of suit and interest incurred; and

7. For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: November 25, 2026

**LAW OFFICES OF DALE K. GALIPO**

/s/ *Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiff A.B.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby submits this demand that this action be tried in front of a jury.

DATED: November 25, 2026

**LAW OFFICES OF DALE K. GALIPO**

/s/ *Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiff A.B.*