# EXHIBIT E

LAW OFFICES OF
DALE K. GALIPO
CIVIL RIGHTS ATTORNEYS

21800 BURBANK BOULEVARD, SUITE 310 | WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 347-3333 | FACSIMILE (818) 347-4118 | INFO@GALIPOLAW.COM

November 10, 2026

**BY U.S. MAIL AND EMAIL**
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517
Christopher P. Wesierski [Bar No. 086736]; cwesierski@wzllp.com
Kathryn J. Harvey [Bar No. 241029]; kharvey@wzllp.com
James M. Lloyd [Bar No. 243997]; jlloyd@wzllp.com
Diana Guevara; dguevara@wzllp.com
Heidi Gallacher; hgallacher@wzllp.com
Kaitlyn Zendejas; kzendejas@wzllp.com
Jessica Velasquez; jvelasquez@wzllp.com

Re: *A.B./Padilla v. County of San Bernardino*, Case No. 5:26–cv–03826–KK–ACCV

Counsel,

I write to follow up on my initial "meet and confer" discussions regarding Plaintiff's intent to amend Plaintiff's Complaint to name the individuals involved in the incident giving rise to this lawsuit in place of DOE Defendants. I first raised this issue during our early meeting of counsel on September 24, 2026 and again in subsequent emails. Now that I have reviewed Defendant County's November 5, 2026, interrogatory responses identifying Shane Andersen, Torey Arlotti, and Gerardo Gonzalez, I have prepared a redlined First Amended Complaint, stipulation to allow Plaintiff to file the amended complaint, and a corresponding proposed order. Please review these documents and let me know when you are available to have a further conference of counsel on this issue. I propose the following dates and times:
November 11, 2026 at 9:00 a.m., 10:00 a.m., 2:00 p.m., 3:00 p.m., or 4:00 p.m.;
November 12, 2026 at 9:00 a.m., 10:00 a.m., 2:00 p.m., 3:00 p.m., or 4:00 p.m.;
November 13, 2026 at 9:00 a.m., 10:00 a.m., 2:00 p.m., 3:00 p.m., or 4:00 p.m.;

November 16, 2026 at 9:00 a.m., 10:00 a.m., 2:00 p.m., 3:00 p.m., or 4:00 p.m.; November 17, 2026 at 2:00 p.m., 3:00 p.m., or 4:00 p.m.

I believe that good cause warrants stipulating to allow Plaintiff to amend the Complaint to name the involved deputies. The Federal Rules of Civil Procedure provide that a party seeking leave to amend a pleading after a response has been filed may do so either by stipulation or with leave of court. *See* Fed. R. Civ. P. 15(a)(2). Federal policy strongly favors determination of cases on their merits. Under Rule 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality," even where the amendment adds entirely new causes of action. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Jenn-Air Products Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 593 (E.D. Pa. 1968). Thus, while "leave to amend should not be granted automatically," the circumstances under which Rule 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). Denial of a motion to amend is appropriate only when the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martinez v. City of Newport Beach*, 125 F.3d 777, 785 (9th Cir. 1997). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.* "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman,* 371 U.S. at 182.

The Ninth Circuit has a liberal policy of allowing amendments to a complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1051. Here, Plaintiff's proposed amendment easily satisfies the liberal standard of Rule 15. Plaintiff only recently discovered the identities of the involved deputies and makes this request in good faith with no dilatory motive.

I look forward to hearing from you. You may reach me at 818-347-3333 or at rvalentine@galipolaw.com.

Best,

LAW OFFICES OF DALE K. GALIPO

*/s/ Renee V. Masongsong*
Renee V. Masongsong
Attorney for Plaintiff